**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **NANCY GRAY** | : | **CIVIL ACTION NO. 2:22-cv-_____** |
| | : | |
| **VS.** | : | **JUDGE_____** |
| | : | |
| **ALLSTATE INSURANCE COMPANY** | : | **MAGISTRATE JUDGE_____** |

**COMPLAINT**

Plaintiff, Nancy Gray, by her undersigned attorneys, alleges as follows:

**NATURE OF ACTION**

1.

This is an action by Nancy Gray for damages against her homeowner's insurance company, Allstate Insurance Company, for its failure to pay the full sums owed under its insurance policy resulting from damages to her home caused by Hurricane Laura and Hurricane Delta.

**JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because the matter in controversy exceeds $75,000.00 and the case is between citizens of different states. Plaintiff, Nancy Gray, is a citizen of the State of Louisiana. Defendant, Allstate Insurance Company (hereinafter referred to as "Allstate") is a foreign insurance company domiciled in the State of Illinois. The unpaid losses due under Defendants' insurance policy exceed $75,000.00, and Plaintiff also seeks penalties, attorney's fees, costs, and expenses on top of those unpaid losses pursuant to La. R.S. 22:1892 and La. R.S. 22:1973.

3.

Venue is proper in this District and Division under 28 U.S.C. §1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claim occurred in this District and Division also a substantial part of the property that is the subject of this action is situated in this District and Division.

**THE PARTIES**

4.

Plaintiff, Nancy Gray ("Gray"), is an adult resident of Lake Charles, Louisiana.

5.

Defendant, Allstate Insurance Company ("Allstate"), is a foreign insurance company domiciled in the State of Illinois and can be served with this Complaint through its agent for service of process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

**FACTUAL ALLEGATIONS**

6.

On the evening of August 26, 2020, and into the early morning hours of August 27, 2020, Hurricane Laura made landfall near Cameron, Louisiana, as a Category 4 hurricane with sustained winds of 150 miles per hour.

7.

After making landfall, Hurricane Laura traveled north and directly hit Lake Charles, Louisiana, with sustained winds of nearly 100 miles per hour and gusts of between 130 and 140 miles per hour.

8.

On the evening of October 9, 2020, Hurricane Delta made landfall near Creole, Louisiana, as a category 2 hurricane with sustained winds of 100 miles per hour.

9.

After making landfall, Hurricane Delta traveled north and directly hit Lake Charles, Louisiana, with hurricane-force sustained winds and gusts approaching 100 miles per hour.

10.

At the time of Hurricanes Laura and Delta, Nancy Gray was and still is the owner of the home and property located at 1626 6th Street, Lake Charles, Louisiana 70601 ("the home").

11.

As a result of Hurricanes Laura and Delta, the home sustained extensive damage, as well as the contents and other structures.

12.

On September 7, 2020, Gray reported her losses resulting from Hurricane Laura to her insurance company and made a claim for payment of those losses.

13.

On or about September 15, 2020, an adjuster retained and/or employed by Allstate inspected the home. The adjuster was provided with full access to the home and had a full opportunity to inspect the home, its contents, and other structures to fully determine Gray's losses caused by Hurricane Laura without any limitations.

14.

At the time these damages were sustained due to Hurricanes Laura and Delta, Gray had in full force and effect a policy of insurance with Allstate providing coverage for all of the losses

sustained by Gray to her home, other structures, and contents, as well as for debris removal and additional living expenses.

15.

Despite the fact that it should have been obvious to the adjusters retained and/or employed by Allstate who inspected the home that the home was substantially damaged, Allstate made woefully inadequate payments which failed to include numerous items of damage which were clearly visible to the adjuster retained and/or employed by Allstate at the time of the adjuster's inspections.

16.

Because of Allstate's failure to timely and adequate compensate Gray for her losses arising from hurricane damage, Gray has been forced to live in conditions far below her normal standards which has caused her mental anguish.

17.

The payments made to date by Allstate to Gray are woefully inadequate to cover the costs to repair to the damages to the home, other structures, and contents which damages were clearly visible to the adjuster retained and/or employed by Allstate at the times of the adjuster's inspection.

## CAUSES OF ACTION AND DAMAGES
### A. THE INSURANCE POLICY

18.

Nancy Gray reiterates and incorporates by reference all allegations in Paragraphs 1-17 above.

19.

The damages to the home and its other structures greatly exceed the amounts estimated and paid by Allstate.

20.

Gray is entitled to recover from Allstate for the additional sums needed to make full repairs to the home, its other structures, and for additional living expenses in accordance with the insurance coverages Gray purchased from Allstate.

21.

Gray is entitled to recover from Allstate for the full losses she suffered due to Hurricanes Laura and Delta under each of the insurance coverages Gray purchased from Allstate.

### B.   PENALTIES AND ATTORNEY'S FEES

22.

Nancy Gray reiterates and incorporates by reference all allegations in Paragraphs 1-21 above.

23.

Pursuant to Louisiana Revised Statute 22:1892, Allstate was required to unconditionally tender payment to Gray for the undisputed losses caused by Hurricane Laura within 30 days of Allstate's receipt of satisfactory proof of loss when its adjusters inspected the home. Allstate failed to do so.

24.

Pursuant to Louisiana Revised Statute 22:1892, Allstate was required to unconditionally tender payment to Gray for the undisputed losses caused by Hurricane Delta within 30 days of Allstate's receipt of satisfactory proof of loss when its adjusters inspected the home. Allstate failed to do so.

25.

Pursuant to Louisiana Revised Statute 22:1892, Allstate was required to unconditionally

tender payment to Gray for the losses not reasonably subject to dispute caused by Hurricanes Laura and Delta within 30 days of Allstate's receipt of satisfactory proof of loss when its adjusters inspected the home. Allstate failed to do so.

26.

Pursuant to La. R.S. 22:1892, Allstate is liable to Gray for a penalty of 50%, in addition to the amount of the loss, on the amount due from Allstate, as well as reasonable attorney's fees and costs, for Allstate's failure to unconditionally tender the amounts owed to Gray within 30 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

27.

Pursuant to La. R.S. 22:1973, Allstate is additionally liable to Gray for actual damages, including but not limited to mental anguish, aggravation, and inconvenience, for Allstate's misrepresentations of pertinent facts concerning the amounts owed, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender the amounts owed to Gray within 60 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

28.

Pursuant to La. R.S. 22:1973, in addition to actual damages for its breaches of the statute, Allstate is additionally liable to Gray for a penalty of up to two times the actual damages Gray sustained or $5,000, whichever is greater.

**REQUEST FOR RELIEF**

29.

WHEREFORE, Plaintiff, Nancy Gray, prays that, after due proceedings, there be a judgment rendered herein in Plaintiff's favor and against Defendant, Allstate Insurance Company, for the full amounts due under the terms of the coverages provided by Defendants' insurance policy, for actual damages, penalties, attorney's fees, costs, and expenses, and for such other damages as would reasonably and justly compensate Plaintiff in accordance with the rules of law, plus interest to the fullest extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate.

Respectfully submitted,
**THE TOWNSLEY LAW FIRM**

BY: */s/ Hannah E. Mayeaux*
**HANNAH E. MAYEAUX, Bar Roll #39275**
**DAVID H. HANCHEY, Bar Roll #19927**
3102 Enterprise Boulevard
Lake Charles, Louisiana 70601
Telephone: (337) 478-1400
Facsimile: (337) 478-1577
E-mail: hannah@townsleylawfirm.com
david@townsleylawfirm.com

*ATTORNEYS FOR PLAINTIFF, NANCY GRAY*

**PLEASE SERVE DEFENDANTS AS FOLLOWS:**

**ALLSTATE INSURANCE COMPANY**
Through its Agent for Service:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809